**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **JESSE FRANK LARA,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-0123-A |
| § | |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | |
| **DIVISION,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Jesse Frank Lara, TDCJ # 1036080, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In June 1991, Lara was charged by indictment in the 213th District Court of Tarrant County, Texas, Case No. 0443272D, with indecency with a child. (State Habeas R. at 61.) On August 3, 1993, pursuant to a plea bargain agreement, Lara pleaded guilty to the offense and was placed on six years' deferred adjudication community supervision. (*Id.* at 61-74.) Lara did not directly appeal the deferred adjudication judgment; thus the judgment became final under state law thirty days later on September 2, 1993. *See Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (holding defendant placed on deferred adjudication may raise issues relating to original plea proceeding only in appeal taken when deferred adjudication is first imposed); TEX. R. APP. P. 26.2(a)(1) (allowing thirty days from the date sentence is imposed or suspended in open court to file notice of appeal in the absence of timely filed motion for new trial). Thereafter, on March 30, 2001, the trial court adjudicated Lara's guilt for the offense and sentenced him to fifteen years' imprisonment. (State Habeas R. at 80-81.) Lara did not appeal the judgment adjudicating guilt; thus the judgment adjudicating his guilt became final thirty days later on April 29, 2001. (Petition at 2.) TEX. R. APP. P. 26.2(a)(1).

On December 10, 2002, Lara filed a state postconviction application for writ of habeas corpus, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on January 26, 2005. *Ex parte Lara*, Application No. WR-57,463-02, at cover. Lara filed this petition on November 23, 2005, in the Wichita Falls Division, and the action was subsequently transferred to this court by order dated February 14, 1006. In his state habeas application, and now, he claims he received ineffective assistance of counsel at the original plea proceeding. Dretke has filed an answer seeking dismissal of the action on limitations grounds, to

which Lara has filed a reply.

## D. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking judgments which became final before the effective date of § 2244(d) have one year from the effective date of the statute, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

For purposes of § 2244(d)(1)(A), applicable to this case, the state court's deferred adjudication judgment became final by the conclusion of direct review or the expiration of the time for seeking such review on September 2, 1993.  *See Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005).  Because the judgment became final before the effective date of § 2244(d), Lara had until April 24, 1997, to file a timely federal petition raising his claims relevant to the original plea proceeding, absent any applicable tolling.  Lara's state habeas application filed after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2).  Nor is Lara entitled to tolling as a matter of equity.  He argues that he is actually innocent of the offense and a miscarriage of justice will result if the court does not consider his claims on the merits.  (Pet'r Resp. at 1-2.)  A claim of actual innocence, however, does not constitute the kind of rare and exceptional circumstance to warrant equitable tolling of the limitations period.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  Absent any applicable tolling, Lara's petition was due on or before April 24, 1997.  His petition, filed on November 23, 2005, is untimely.

## II.  RECOMMENDATION

Lara's motion for summary judgment should be DENIED and his petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 11, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 11, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 20, 2006.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE