

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESSE FRANK LARA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-123-A |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Jesse Frank Lara ("Lara") is petitioner and Douglas Dretke, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On April 20, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by May 11, 2006. Petitioner timely filed his written objections. Respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo

determination of those portions of the proposed findings or recommendations to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The magistrate judge found that Lara's petition for writ of habeas corpus is time-barred. Lara, in turn, makes only two objections that remotely address this finding. First, Lara urges that the state-court judgment is void and therefore can be attacked at any time. See Pet'r's Objections at 1-5. The judgment is void, he urges, because a lawyer other than his counsel of record appeared on his behalf at the August 3, 1993, plea hearing. Id. Lara offers no legal authority that this circumstance alone voids a judgment, and the court is otherwise unaware of any so holding. Second, Lara appears to claim that the statute of limitations should be tolled based on his actual innocence. Id. at 5. The court, however, concurs with the magistrate judge that a mere claim, as opposed to a showing, of actual innocence is insufficient to toll limitations. See, e.g., Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Here, a mere claim is all that Lara has made.

2

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed with prejudice.

SIGNED May 23, 2006.

_____
JOHN McBRYDE
United States District Judge